**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| OSCAR OSWALDO RODAS-LOPEZ, | No. 23-918 |
| Petitioner, | Agency No. A078-942-944 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2024[**]

Before:     CANBY, PAEZ, and SUNG, Circuit Judges.

Oscar Oswaldo Rodas-Lopez, a native and citizen of Guatemala, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his applications for

withholding of removal and protection under the Convention Against Torture

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

The BIA did not err in concluding that Rodas-Lopez waived challenge to the IJ's dispositive adverse credibility determination. *See Alanniz v. Barr*, 924 F.3d 1061, 1068-69 (9th Cir. 2019) (no error in BIA's waiver determination). Thus, his withholding of removal claim fails. Because Rodas-Lopez does not contest the BIA's determination that he waived challenge to the IJ's denial of CAT protection, we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013). In light of this disposition, we need not reach Rodas-Lopez's remaining contentions regarding the merits of his withholding of removal and CAT claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Rodas-Lopez's contentions regarding cancellation of removal, suspension of deportation, voluntary departure, humanitarian asylum, deficiencies in the charging document, and an exception to the untimely asylum application based on a class action settlement agreement are not properly before the court because he failed to raise them before the agency. *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies required); *see also Santos-Zacaria v. Garland*, 598 U.S. 411, 417-19 (2023) (section 1252(d)(1) is a non-jurisdictional claim-processing rule).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**